UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN ROSSI | : | Civil Action No.: 3:15-CV -01367-VLB |
| V. | : | |
| FERRING PHARMACEUTICALS INC. | : | DECEMBER 30, 2015 |

**Form 26(f) Report of Parties' Planning Meeting**

1. The complaint was served on August 13, 2015 and filed in the Superior Court of Connecticut, Judicial District of Stamford-Norwalk, on August 31, 2015.

2. Defendant appeared on September 14, 2015.

3. Defendant filed a Notice of Removal to Federal District Court on September 14, 2015.

4. Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 16, counsel for the parties conferred regarding this report via telephone and electronic mail.

I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction

A. This action is brought pursuant to Connecticut General Statutes §§ 31-51q and 46a-60(a)(1), as well as common law wrongful discharge for whistleblowing.

    B. Personal jurisdiction is not contested; however, Defendant has filed a Motion to Dismiss for Improper Venue and/or Transfer to the District of New Jersey.  This Motion is currently pending.

III. Brief Description of the Case

    A. Plaintiff, a former pharmaceutical sales representative for Defendant, claims that Defendant terminated her for protesting a co-worker's practice of providing an inappropriate and incorrect dosing instruction sheet for a Ferring product to doctors. Plaintiff further claims that Defendant subjected her to unlawful race discrimination by terminating her and not terminating, or disciplining, the African-American employee for providing the incorrect dosing sheet or giving food baskets to medical staff.

    B. Defendant did not engage in any unlawful activity with respect to Plaintiff. Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory business reason. Plaintiff admittedly provided an item of value to a member of the office staff of a health care provider who uses Ferring products, an action that constituted a clear violation of Ferring's company policy and its obligations as a signatory to the Pharmaceutical Research and Manufacturers of America's ("PhRMA") Code on Interactions with Healthcare Professionals. Defendant reserves the right to add such other defenses that might be applicable as this matter proceeds.

IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are facts not in dispute and they can agree on:

      1.  Plaintiff was hired by Defendant in February 2013.

V.  Case Management Plan

    A.  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

    B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C.  Early Settlement Conference

      1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and concluded that an early settlement conference would not be useful at this time.

      2.  The parties do not request an early settlement conference.

      3.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

    D.  Joinder of Parties and Amendment of Pleadings

The parties presently do not intend to add parties.

    E.  Discovery

      a.  The parties anticipate that discovery will be needed on the following subjects: the facts regarding Plaintiff's employment; her compensation; the circumstances surrounding the end of her employment; her claimed damages and efforts to mitigate these damages; her claim for "emotional distress," including her physical and emotional condition before, during and after her employment with Defendant; and any additional evidence relating to facts uncovered during discovery.

The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

  b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence following the Court's ruling on the pending motion to dismiss and/or transfer and will be completed (not propounded) within nine months of such decision. The parties shall make their initial disclosures by January 29, 2016.

  c. Discovery will not be conducted in phases.

  d. The parties anticipate that each side will not require more than 8 depositions.

  e. The parties may request permission to serve more than 25 interrogatories.  The parties reserve the right to object to any such request.

  f. The parties may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) not later than 3 months before the close of discovery. Plaintiff's experts will be deposed within 30 days after receipt of Plaintiff's expert reports.

  g. Defendant will designate experts and provide opposing counsel with reports by 1 month before the close of discovery and the deposition of such experts will be conducted before the discovery cutoff date.

  h. A damages analysis will be provided by February 19, 2016.

    i. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: The parties will take appropriate steps to preserve all relevant electronic information related to the claims in this case. The parties will take appropriate steps to preserve all relevant electronic information and will notify third parties to preserve all relevant electronic information. Any electronic information produced in this litigation shall be done in a manner most easily accessible to the non-producing party, either on disc or in paper format, at the non-producing party's option. Unless otherwise ordered by the Court, the producing party shall bear the cost of any such production. However, if the non-producing party requests a more expensive or cumbersome form of production than could be otherwise undertaken by the producing party, the parties will assume joint responsibility for the expenses. Issues not addressed by this paragraph will be addressed as the case progresses.

    j. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:  The parties agree to utilize Local Rule 26's privilege log under that rule's terms and conditions, with exceptions

noted therein, and further agree to work with each other in good faith to avoid any discovery dispute. As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

Upon receipt of written notice of the alleged inadvertent disclosure, the receiving party, without prejudice to contesting the applicability of any claim of privilege or attorney work product, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection and they agree that the dispute is substantive, the party asserting the existence of such privilege or protection shall file a motion for protective order with the Court.

F.  Dispositive motions

Dispositive motions will be filed forty-five (45) days following the close of discovery.

G.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed forty-five (45) days before trial.

VI. Trial Readiness

This case will be ready for trial within two (2) months after the Court's ruling on dispositive motions, if any, or if no such motion is filed, within 90 days of the close of discovery.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        THE PLAINTIFF

        By: _/s/ Carolyn N. Flynn_____
          Victoria de Toledo, Esq.
          Fed. Bar No.: ct06741
          Carolyn Naylor Flynn, Esq.
          Fed. Bar No.: ct29870
          Casper & de Toledo LLC
          1458 Bedford St.
          Stamford, CT  06905
          Tel. No.:  (203) 328-8600

        THE DEFENDANT

        By: _/s/ Elizabeth R. McKenna_____
          Elizabeth R. McKenna, Esq.
          Fed. Bar No.: CT28113
          Littler Mendelson, P.C.
          One Century Tower
          265 Church Street, Suite 300
          New Haven, CT 06510