UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN ROSSI | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:15-cv-01367 (VLB) |
| | : | |
| FERRING PHARMACEUTICALS | : | February 12, 2016 |
| Defendant. | : | |

MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE TO TRANSFER
[Dkt. #16] AND DENYING PLAINTIFF'S MOTION FOR INTRA-DISTRICT TRANSFER
[Dkt. #22]

Plaintiff, Kristen Rossi ("Rossi"), brings this wrongful termination action against Defendant Ferring Pharmaceuticals, Inc. ("Ferring"). Currently before the Court are the Defendant's motion to dismiss for improper venue or, in the alternative, to transfer to the District Court of New Jersey, and Plaintiff's motion for an intra-district transfer to the federal court in Bridgeport, Connecticut. For the reasons that follow, the parties' motions are DENIED.

I.      Factual Background

Ferring is a Delaware corporation which maintains its corporate headquarters in Parsippany, New Jersey. [Dkt. #16-3, Shields Aff. at ¶ 4]. While residing in the state of Connecticut, Plaintiff was employed as a pharmaceutical sales representative by Ferring. [Dkt. #1-1, Compl. at ¶ 3]. She served as Ferring's representative in the Great Neck, New York territory, covering portions of Long Island, New York. [Dkt. #16-3, Shields Aff. at ¶ 6]. As a sales representative, Plaintiff was expected to travel throughout her assigned territory and to sell and promote Ferring products within it. [*Id*. at ¶¶ 7-8].

Ferring outfitted an office for the Plaintiff in her Norwalk, Connecticut home.  [Dkt. #1-1, Compl. at ¶ 3].  Plaintiff conducted administrative duties for Ferring from her Connecticut home office.  [Dkt. #17-1, Rossi Aff. at ¶ 6].   Ferring also sent sales materials and drug samples to Plaintiff's home in Connecticut, which Ferring audited.  [*Id.* at ¶¶ 4-5].

In late June 2014, Plaintiff learned of a discrepancy between the dosage directions on the package of a Ferring product called Prepopik and a dosing instruction sheet provided by Ferring employee, David Ammonds, to Kelly, an employee of a medical office within Plaintiff's sales territory, located in Garden City, New York.  [Dkt. #1-1, Compl. at ¶¶ 5-9, 11-12; Dkt. #16-3, Shields Aff. at ¶ 13; Dkt. #17-1, Rossi Aff. at ¶ 14].[1]  Plaintiff sent Ammonds a text message informing him of the discrepancy.  [Dkt. #1-1, Compl. at ¶ 13].

On June 30, 2014, Jade Shields, Defendant Ferring's Director of Compliance, and his assistant, Yasmin Silva, called Plaintiff from their New Jersey offices, told her that they were conducting an investigation, and asked her if she had given a gift card to any staff members of any of the doctors with whom she worked.  [Dkt. #1-1, Compl. at ¶ 14].[2]  Plaintiff told them that she purchased a gift card with her own money and gave it to a staff member named Kelly, after learning that Kelly's home and personal belongings had been destroyed by a fire.

---

[1] David Ammonds is no longer employed by Ferring, but during the relevant time, his assigned territory included parts of Long Island, New York.  [Dkt. #16-3, Shields Aff. at ¶ 12].  The parties agree that Ammonds is a resident of New York. [*Id.* at ¶ 11; Dkt. #17-1, Rossi Aff. at ¶ 13].

[2] Shields and Silva both work in Ferring's corporate headquarters, in Parsippany, New Jersey.  [Dkt. #16-3, Shields Aff. at ¶¶ 9-10].

[*Id.* at ¶ 15].  On July 7, 2014, Plaintiff had a telephone conversation from her home in Norwalk, Connecticut with Jade Shields, Defendant Ferring's Director of Compliance, regarding the dosing instruction sheet Ammonds prepared and the gift card.  [*Id.* at ¶¶ 17-18; Dkt. #17-1, Rossi Aff. at ¶ 7].  Four days later, on July 11, 2014, Plaintiff received a telephone call from Rick Rice, the National Sales Director for Ferring, in which she learned she had been terminated for giving the gift card.  [Dkt. #1-1, Compl. at ¶ 21; Dkt. #17-1, Rossi Aff. at ¶ 8].  Rice works out of his home office, in St. Louis, Missouri.  [Dkt. #17-1, Rossi Aff. at ¶ 8].

Plaintiff presently resides in Florida.  [*Id.* at ¶ 9].  She also visits close friends in Connecticut, approximately three times per year.  [*Id.*].  When Plaintiff visits her Connecticut friends, they drive her to and from the airport and provide housing accommodations.  [*Id.*].  Plaintiff's attorneys have submitted affidavits averring that they would not continue to represent Plaintiff in this case if the matter is transferred to the District of New Jersey.  [Dkt. #17-2, De Toledo & Naylor Affs. at ¶ 3].

## II.    Legal Standard

Initially, Defendant Ferring incorrectly contends that the Complaint must be dismissed or transferred pursuant to the three-factor analysis articulated in 28 U.S.C. § 1391.  *See* [Dkt. #16-1, Def.'s Memo. at 4-7].  This statute is inapplicable because this case was not originally brought in federal court, but was instead removed from state court.  *See* [Dkt. #1, Notice of Removal].  When a case is removed, venue is determined by 28 U.S.C. § 1441(a).  *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("The removal statute, and

**3**

not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases."). Here, the case was properly removed from Connecticut Superior Court to the District of Connecticut. *See* [Dkt. #1, Notice of Removal, at ¶ 1].[3]

Defendant Ferring's remaining argument is that this action should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). *See* [Dkt. #16-1, Def.'s Memo. at 7-14]. Under this section, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The objectives of such a transfer are "to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964) (internal quotations omitted). "The movant bears the burden of establishing the propriety of transfer by a clear and convincing showing." *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 298 (D. Conn. 2009) (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950)).

To determine whether a transfer under this section is appropriate, the Court must consider "(1) whether an action 'might have been brought' in the proposed transferee forum, and, if so, (2) whether the transfer promotes convenience and justice." *Costello v. Home Depot USA, Inc.*, 888 F. Supp. 2d 258, 267 (D. Conn. 2012). In reaching the latter conclusion, "[d]istrict courts have

---

[3] While the Defendant correctly notes in its reply that removal of a case does not waive a defendant's right to challenge venue, *see* [Dkt. #18, Def.'s Reply at 1-2], the Defendant must do so under a proper legal framework, such as *forum non conveniens*, which it has not, nor, for the reasons discussed below, would such a challenge succeed here. *See PT United Can*, 138 F.3d at 73.

broad discretion to make case-by-case determinations . . . ." *Id.* (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).  They exercise this discretion by considering nine factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citing *D.H. Blair & Co. v. Gottidiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).

The parties agree that this matter could have been brought in the District of New Jersey.  *See* [Dkt. #16-1, Def.'s Memo. at 8; Dkt. #17, Pl.'s Opp. at 4]. Accordingly, the Court considers the nine factors listed above to determine whether a transfer in this case would promote convenience and justice.

III.   Analysis

    A.   A Transfer to the District of New Jersey Would Not Promote Convenience and Justice

    1.   Given That Connecticut is Not Her Home Forum and the Facts Underlying Her Claims Have Little Connection to this District Plaintiff's Choice of Forum is Accorded Little Deference.

Although Plaintiff Rossi's choice of forum should ordinarily be given "substantial weight[,] . . . [w]hen plaintiffs choose a forum that is not any plaintiff's home forum, that choice of forum is accorded considerably less weight." *Costello*, 888 F. Supp. 2d at 267 (citing *In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995) and *Iragorri v. United Techs.*, 274 F.3d 65, 71 (2d Cir. 2001)); *see also Allstate Prop. & Cas. Ins. Co. v. Titeflex Corp.*, No. 3:14-cv-945 (MPS), 2015

WL 1825918, at *3 (D. Conn. Apr. 22, 2015) (same).  In addition, where a plaintiff selects a forum which "bears little, if any, connection" to the operative facts underlying the action, the selection is also accorded less deference.  *Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 335 (D. Conn. 2008) (quoting *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006)).

Plaintiff resides in Florida and will have to travel a considerable distance regardless of whether the Court grants or denies the Defendant's transfer motion. [Dkt. #17-1, Rossi Aff. at ¶ 9].  However, Plaintiff maintains ties to Connecticut. She travels to Connecticut approximately three times per year, and while here, resides with friends in their home.  [*Id.* at ¶¶ 9-10].  Plaintiff's habitual travel to Connecticut and residence at her friends' home may qualify Connecticut as her second residence.  *See Liem v. Ackerman*, No. 10 Civ. 9187 (KBF), 2012 WL 252120, at *2 (S.D.N.Y. Jan. 25, 2012) ("A residence means an established abode, for personal or business reasons, permanent for a time.") (emphasis removed) (citations and quotations omitted).  In addition, Plaintiff seemingly could have, but chose not, to file suit in her current home forum, Florida, and the Defendant has not put forth any evidence that her choice of this District "was motivated by forum-shopping reasons."  *Iragorri*, 274 F.3d at 72.  On the other hand, and as will be explained more thoroughly below, nearly all of the operative facts in this case occurred outside this District, in Long Island, New York.  Accordingly, the Court accords some weight to Plaintiff's selection, but far less than the substantial amount typically given a plaintiff's selection of her home forum.

2.  <u>**The Convenience of Witnesses is Neutral**</u>.

"Courts in this District have emphasized the importance of the convenience of witnesses in the transfer analysis."  *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 516-17 (D. Conn. 2011).  To permit for consideration of this factor, the party who contends that it weighs in their favor "must specify the identity of key witnesses and the nature of their likely testimony, and support these statements with affidavits."  *Id.* (citing *Factors Etc. v. Pro Arts*, 579 F.2d 215, 218 (2d Cir. 1978), *abrogated on other grounds by Pirone v. MacMillan*, 894 F.2d 579 (2d Cir. 1990)).  Courts consider the "materiality, nature, and quality" of these witnesses.  *Id.*

Plaintiff is one of the principal witnesses in this case, and she sets forth evidence demonstrating that the present forum would be significantly more convenient for her.  By proceeding in this District, she will have housing during the trial and transportation to and from court.  *See* [Dkt. #17-1, Rossi Aff. at ¶¶ 9-10].  The Defendant submits an affidavit from Jade Shields, Defendant Ferring's Director of Compliance, another key witness, who is based in New Jersey.  [Dkt. #16-3, Shields Aff. at ¶ 9].  Given that this District and the District of New Jersey are more convenient for one key witness on each side, this factor is neutral.  The remaining witnesses identified by the parties do not alter this conclusion because the Defendant has not submitted affidavits describing the substance of their testimony in order to allow for an assessment of their materiality, and all but one live outside either of the proposed forums.

For instance, the Defendant cites Shields' assistant, Silva, who is from New Jersey, but fails to identify the substance of her testimony.  [*Id.* at ¶ 10].  The sole allegation in the Complaint concerning Silva was that she was present on a single phone call between Shields and the Plaintiff.  [Dkt. #1-1, Compl. at ¶ 14].  It would thus appear that Silva's testimony will be at least somewhat, if not wholly, duplicative of Shields'.  Accordingly, Silva's presence in New Jersey is accorded little to no weight.  *See Allstate Prop. & Cas. Ins. Co. v. Titeflex Corp.*, No. 3:14-cv-945 (MPS), 2015 WL 1825918, at *3 (D. Conn. Apr. 22, 2015) ("[I]t is not the prospective number of witnesses in each district that determines the appropriateness of a transfer, but rather, the materiality of their anticipated testimony.") (quoting *Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220-21 (D. Conn. 2003) (citation omitted)).

Similarly, the remaining party employee, Rice, and third-party witnesses, Ammonds and Kelly, reside outside either of the districts under consideration, and the Defendant has again failed to describe in its affidavit their likely testimony.  *See Price v. Stossel*, No. 07 CV. 11364 (SWK), 2008 WL 2434137, at *4, n. 5 (S.D.N.Y. Jun. 4, 2008) (declining to consider convenience of non-party witnesses where affidavits and motion papers "fail[ed] to explain why these particular witnesses can provide competent, relevant testimony" and noting that, even if they did, the witnesses "will be forced to travel regardless of whether the Court grants or denies the instant motion") (citing and quoting *Liberty Mut. Fire Ins. v. Costco Wholesale Corp.*, No. 06 CV. 5226 (PKL), 2007 WL 2435159, at *4 (S.D.N.Y. Aug. 28, 2007) (stating that convenience of witnesses who reside in

neither venue "does not influence the Court's determination"); *see also Elec.*

*Workers Pension Fund, Local 103 v. Nuvelo, Inc.*, No. 07 CV. 975 (HB), 2007 WL

2068107, at *4 (S.D.N.Y. Jul. 20, 2007) ("Typically, however, district courts have

given little, if any, weight to the convenience of witnesses who reside in neither

the transferor nor transferee forum.").[4]

### 3. The Location of Relevant Documents Weighs Slightly in Favor of Defendant

"Although the location of relevant documents is entitled to some weight,

modern photocopying technology and electronic storage deprive this issue of

practical or legal weight."  *Allstate Prop. & Cas. Ins. Co.*, 2015 WL 1825918, at *3

(quoting *Charter Oak*, 294 F. Supp. 2d at 221).  This conclusion is buttressed by

the fact that the Plaintiff worked remotely in Connecticut, evincing the facility with

which documentation relating to her employment is accessible in Connecticut.

Defendant Ferring contends that "the vast majority of documents" relating to this

matter "are likely located" in its New Jersey corporate headquarters.  [Dkt. #16-1,

Def.'s Memo. at 12].  Plaintiff appears not to dispute this point, but correctly

points out that any relevant documents can be easily transmitted to this District.

Given that the parties do not argue that any, much less a voluminous amount, of

evidence is only in Connecticut, this factor weighs minutely, if at all, in the

Defendant's favor.

---

[4] In its reply, the Defendant includes a declaration from Rice, who offers some information regarding the Plaintiff and her employment, but does not address her termination.  *See* [Dkt. #18-1, Rice Decl. at ¶¶ 1-8].  Even if this declaration were to establish Rice as a highly material witness, which it does not, it would appear that he will be inconvenienced by either of the proposed forums, as he lives and works in St. Louis, Missouri.  *See* [*id.* at 3; Dkt. #17-1, Rossi Aff. at ¶ 8].

4. __Convenience of the Parties Does Not Favor Transfer__

"Transfer should not merely 'shift the burden of inconvenience from one party to the other.'"  *Costello*, 888 F. Supp. 2d at 268 (quoting *Pitney Bowes v. Nat'l Presort*, 33 F. Supp. 2d 130, 132 (D. Conn. 1998)).  Here, Plaintiff demonstrates that a transfer from this District to the District of New Jersey would simply shift the burden of inconvenience from the Defendant, who is based in New Jersey, to the Plaintiff, who, while residing elsewhere, would be able to save considerable expenses by litigating here.  That Plaintiff will have to incur travel expenses regardless of whether the case remains in this District or is transferred does not negate the fact that such expenses would be materially greater in the event of a transfer.  In addition, Plaintiff has submitted affidavits from her attorneys stating that they will not continue to represent her in the event of a transfer to the District of New Jersey.  *See* [Dkt. #17-2, De Toledo & Naylor Affs. at ¶ 3].  Courts in this Circuit are highly reluctant to take action which would deprive a party of its choice of counsel.  *See Herr v. Union Local 306*, 943 F. Supp. 292, 294 (S.D.N.Y. 1996) (noting in context of motion to disqualify counsel that "[t]he movant bears a heavy burden when it seeks to deprive the opposing party of its choice of counsel"); *In re Enron Corp.*, No. 01-16034 (AJG), 2002 WL 32034346, at *4 (Bankr. S.D.N.Y. May 23, 2002) ("One's choice of counsel is entitled to great deference.").

In response, the Defendant merely speculates that "the proximity of several major airports near Newark" renders the District of New Jersey "more convenient for Plaintiff."  [Dkt. #16-1, Def.'s Memo. at 12].  This is both unsupported and

nonresponsive to the housing and land transportation costs.  Nor does it recognize the proximity of Bradley International Airport and the regional airports in close proximity to Fairfield County, Connecticut.  Finally, it does not respond to the Plaintiff's right of counsel of her choice or the time and expense necessary for the Plaintiff to procure new counsel that Plaintiff raises in her Opposition.[5]

### 5.  The Locus of the Operative Facts is Neutral

"The locus of operative facts is an important factor to be considered in deciding where a case should be tried."  *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 310 (D. Conn. 2009) (citation omitted).  Courts consider where "the events from which the claim arises" occurred.  *Verilux v. Ottlite Techs.*, No. 09-CV-00717 (JCH), 2009 WL 2710222, at *5 (D. Conn. Aug. 20, 2009).  The allegations in the Complaint render this factor neutral, as the locus of the operative facts in this case is clearly Long Island, New York.

---

[5] The Defendant unsuccessfully attempts to address the deprivation of counsel of Plaintiff's choosing in its reply, where it asserts that Plaintiff's present counsel could continue its representation by seeking *pro hac vice* admission to the District of New Jersey, to which counsel is not admitted.  [Dkt. #18, Def.'s Reply at 4].  While this may be so, the flaw in the Defendant's argument is its assumption that counsel's non-admission is the sole reason why counsel would not continue to represent Plaintiff in the event of a transfer.  None of the affidavits submitted by Plaintiff state that this decision was based exclusively (or even primarily) on this fact.  *See* [Dkt. #17-1, Rossi Aff. at ¶ 12 (stating only that Plaintiff "was informed by [her] attorney that [she] would also have to retain a new attorney who is admitted to the District Court of New Jersey"); Dkt. #17-2, De Toledo & Naylor Affs. at ¶¶ 2-3 (averring that they are not admitted in the District of New Jersey and separately averring that they would "not continue representing Kristen Rossi"); *see also* [Dkt. #17, Pl.'s Opp. at 6 ("The Plaintiff would also have to hire a new attorney because her current attorneys are not admitted to the District Court of New Jersey *and will not litigate a case in New Jersey*.") (emphasis added)].  There are a host of legitimate reasons other than non-admission for why counsel based in Stamford, Connecticut would choose not to continue to represent a client whose case was transferred to the District of New Jersey.

Plaintiff served as Ferring's representative in the Great Neck, New York territory, covering portions of Long Island, New York.  [Dkt. #16-3, Shields Aff. at ¶ 6].  As a sales representative, Plaintiff was expected to travel throughout her assigned territory and to sell and promote Ferring products within it.  [*Id.* at ¶¶ 7-8].  The conduct that triggered this Complaint occurred at a Garden City, New York medical office, where Plaintiff claims a former employee of the Defendant, Ammonds, provided incorrect dosage information, and when Plaintiff complained about this to management, she was terminated.  [Dkt. #1-1, Compl. at ¶¶ 7-11].  Ammonds' assigned territory included parts of Long Island, New York.  [Dkt. #16-3, Shields Aff. at ¶ 12].  The Defendant contends that Plaintiff and her direct supervisor improperly provided gift cards to Kelly, an employee of that same medical office on Long Island.  [Dkt. #17-1, Rossi Aff. at ¶¶ 8, 14].

To argue in support of their chosen venue based on the relevant events, each of the parties relies upon their physical location during the series of phone calls they engaged in.  *See* [Dkt. #16-1, Def.'s Memo. at 12 ("The resulting investigation of both events was conducted via telephone . . . from Ferring's headquarters in New Jersey."); Dkt. #17, Pl.'s Opp. at 9 ("Not only was Plaintiff's office in Connecticut, her whistleblowing complaints occurred in Connecticut.  Further, Defendants notified her of her termination while she was in Connecticut.")].  Neither of these arguments succeeds in moving the locus of the operative facts from its plain location, Long Island, New York, as the telecommunications they cite could have occurred anywhere, and have no

bearing on the availability of information or personnel to prosecute and defend the case.  Accordingly, this factor is neutral.

6. <u>The Availability of Process Weighs Slightly in Favor of Transfer</u>

A district court may only subpoena witnesses within its district or within 100 miles of the district.  *See* Fed. R. Civ. P. 45(c)(3)(B)(ii).  "This factor is generally relevant only with respect to third-party witnesses, because employee witnesses are subject to compulsory process in either forum by virtue of their employment relationship with a party."  *Ruiz ex rel. E.R. v. U.S.*, No. 13-CV-1241 (KAM) (SMG), 2014 WL 4662241, at *11 (E.D.N.Y. Sept. 18, 2014) (citations and quotation omitted).  Thus, the employee witnesses of the Defendant, Shields, Silva, and Rice need not be considered.

The Defendant, citing to Federal Rule 45, contends that a transfer to the District of New Jersey would place the third-party New York witnesses within that court's subpoena power, while this Court would "be unable to compel the attendance of non-party witnesses living on Long Island."  [Dkt. #16-1, Def.'s Memo. at 10].  Although the Defendant is correct that witnesses living on Long Island would fall outside this Court's subpoena power, the Defendant provides "no indication that any of the . . . non-party witnesses . . . would refuse to appear or that deposition or videotaped testimony would be an inadequate substitute in the event such a refusal occurred."  *Ward v. Stewart*, No. 7:15-cv-1023, 2015 WL 5697332, at *8 (N.D.N.Y. Sept. 29, 2015) (citing and quoting *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 442 (E.D.N.Y. 2012) and *Citigroup, Inc. v. City Holding*

*Co.*, 97 F. Supp. 2d 549, 562 (S.D.N.Y. 2000)).  Accordingly, this factor, at most, weighs slightly in favor of transfer.[6]

    7.  <u>The Relative Means of the Parties Weighs Against a Transfer</u>

    "Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed."  *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1995); *see also Costello*, 888 F. Supp. 2d at 269 ("Courts may consider the relative financial hardship to litigants in prosecuting or defending an action in a particular forum.").  Here, Plaintiff, a private citizen, is of far less means than corporate defendant Ferring.  In addition, Plaintiff has set forth evidence establishing that litigating in the District of New Jersey will materially raise the financial burden Plaintiff has already agreed to undertake by litigating in this District.  Accordingly, this factor weighs strongly against transfer.

---

[6] For the same reason, Plaintiff's motion for an intra-district transfer to the district court in Bridgeport is denied.  *See* [Dkt. #22].  Plaintiff makes no showing that the non-party witnesses are unlikely to appear if summoned to Hartford, and offers as the only evidence of convenience the fact that Bridgeport is closer to New York than Hartford.  [*Id.* at 2-3].  The policy of this district is to randomly assign cases.  This district is geographically smaller than most districts in the country, and travel to any seat of court cannot be said to pose a hardship, particularly for the parties to this action, when compared with the litigants and jurors who appear in our courts.  Plaintiff otherwise does not argue under the remaining 1404(a) factors why Bridgeport is a more appropriate forum than Hartford, and thus, she has not met her burden of establishing by clear and convincing evidence that an intra-district transfer is appropriate.  Nor, given the reasoning above, does the Court find that such transfer is warranted.

8. **The Forum's Familiarity with Governing Law Weighs Slightly Against a Transfer.**

The Complaint brings Connecticut common law and statutory claims. While this factor "is one of the least important factors in determining a motion to transfer . . . [w]here, as here, there are state law claims, the forum's familiarity with governing law supports retention of the action." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008) (citations and quotations omitted). However, given that the resolution of Plaintiff's statutory claim, pursuant to Conn. Gen. Stat. § 31-51q, may involve some consideration and application of federal law, and federal courts are presumed to be equally familiar with federal law, this lesser factor weighs only slightly against a transfer. *See Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, 115-116 (2d Cir. 2004); *see also Worldcare Ltd. v. World Ins.*, 767 F. Supp. 2d 341, 366 n. 49 (D. Conn. 2011).

9. **Trial Efficiency and the Interests of Justice are Neutral.**

Finally, neither trial efficiency nor the interests of justice compel a transfer. Given that this case remains in its infancy, Defendant Ferring is correct that a transfer would not significantly delay its progress. *See* [Dkt. #16-1, Def.'s Memo. at 13]. However, its claim that a transfer would result in a more efficient resolution is unpersuasive. The Defendant cites the median time to disposition in both districts, which indicate that cases in the District of New Jersey are resolved approximately two months quicker than those brought in this District. [*Id.*]. This is *de minimis*. Two months is less than half the five month gap noted in *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 279 (D. Conn. 2006), upon which the

Defendant relies, and does not raise a compelling argument in support of a transfer.

In sum, while a handful of the factors tilt slightly in favor of a transfer, the Defendant has not made a clear and convincing showing that a transfer is appropriate.  Accordingly, the Defendant's motion is DENIED.

## IV.  <u>Conclusion</u>

For the foregoing reasons, the Court DENIES the Defendant's motion to dismiss the complaint for improper venue or, in the alternative to transfer, and DENIES the Plaintiff's motion for an intra-district transfer.  The parties are directed to proceed with discovery and the Court shall enter a Scheduling Order.

IT IS SO ORDERED, ADJUDGED AND DECREED, this 12th day of February 2016, Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant,
United States District Judge